**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gerald Scarbrough, | ) | No. CV-10-0778-PHX-LOA |
| Plaintiff, | )<br>) | **ORDER** |
| vs. | )<br>) | |
| Northwest Airlines, Inc.; Delta Airlines, Inc., | )<br>)<br>) | |
| Defendants. | )<br>)<br>) | |

*Pro se* Plaintiff commenced this lawsuit in the Maricopa County Superior Court on January 19, 2010. (docket # 1) On April 7, 2010, Defendants removed this action to this District Court. (*Id.*) This case was assigned to Magistrate Judge Lawrence O. Anderson. (docket # 4) On April 12, 2010, Magistrate Judge Anderson issued a Notice of Assignment and Order, directing Plaintiff and Defendants to file their written elections either consenting to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) or electing to proceed before a United States district judge on or before April 22, 2010. (docket # 11) Defendants complied with Magistrate Judge Anderson's April 12, 2010 Order; Plaintiff has not.

In an April 27, 2010 Order to Show Cause, Magistrate Judge Anderson forewarned Plaintiff that, pursuant to Rule 41(b), Fed. R. Civ. P., and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), trial courts have the inherent power to control their dockets

and in the exercise of that power, they may impose sanctions including, where appropriate, dismissal of a case without prejudice for failure to prosecute his case or failure to comply with court orders. (docket # 15) "The threat of sanctions promotes compliance with a court's orders even if the sanctions threatened are never imposed." *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 152, 211 P.3d 16, 30 (Az.Ct.App. 2009) (concluding the trial court did not abuse its discretion in striking plaintiff's reply, dismissing his cross-claim, and entering judgment in favor of defendant) (collecting of federal and state cases of dismissals for failure to comply with court orders).

The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*, mandates the early and on-going judicial management of the pretrial process. Under the CJRA mandate, "[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner." *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D. Del. 1992). Additionally, federal judges "are subject to the injunction of Rule 1 [Federal Rules of Civil Procedure] that [the Rules] 'be construed to secure the just, *speedy* and *inexpensive* determination of every action.'" *Herbert v. Lando*, 441 U.S. 153, 177, (1979) (emphasis in original). Plaintiff's failure to timely comply with Magistrate Judge Anderson's April 12 and 27, 2010 Orders is frustrating the speedy and inexpensive resolution of this case.

"It is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure . . . to comply with its orders." *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 887, 887 (5th Cir. 1968) (citing cases); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (court may "fashion appropriate sanction for conduct" including "outright dismissal"). "While the authority is reiterated in some of the Federal Rules of Civil Procedure for particular situations,[1] the

---

[1] Rule 41(b), Fed. R. Civ. P., permits a district court to *sua sponte* dismiss an action for failure to comply with its orders. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Alexander v. Pacific Maritime Ass'n*, 434 F.2d 281, 283-84 (9th Cir. 1970); *Gonzales v. UNUM Life Ins. Co. of America*, 2008 WL 2610552 (N.D.Cal. 2008).

power is one inherent in the courts 'in the interest of the orderly administration of justice.' It may be exercised *sua sponte* under proper circumstances. The exercise of the authority is discretionary, and is subject to review for abuse of discretion." *Flaksa*, 389 F.2d at 887.

A district court's inherent authority to sanction parties for failing to comply with its orders exists, in part, to prevent "'disobedience [of] the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial.'" *Chambers*, 501 U.S. at 44 (quoting *Young v. United States ex rel. Vuitton et Fils, S.A.*, 481 U.S. 787, 798 (1987)). "Dismissal of the complaint for failure to comply with the rules [is] within the court's discretion." *Sergio Bautista et al. v. Los Angeles County*, 216 F.3rd 837, 841 (9th Cir. 2000) (citing *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2nd Cir. 1943)). Because a district court has the inherent power to control its docket, it may exercise that power by imposing sanctions including, where appropriate, dismissal of a case. *Ferdik*, 963 F.2d at 1260; *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (public interest "in expeditious resolution of litigation," court's need to manage docket, risk of prejudice to party seeking sanctions, public policy favoring disposition on the merits, availability of lesser sanctions, bad faith of violating party, relationship between conduct and merits justify sanction); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (personal responsibility of party, prejudice to other party, history of dilatory conduct, willfulness or bad faith, other sanctions, merits of claim or defense).

In determining whether to dismiss a case for failure to comply with court orders, district courts weigh five factors: (1) the public interest; (2) the court's need to manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ferdik*, 963 F.2d at 1260-61. Additionally, Plaintiff's failure in this case to comply with court orders is frustrating the Court's responsibilities mandated by Rule 1, FED.R.CIV.P., ("These rules . . . shall be construed and administered to secure the just, *speedy*, and inexpensive

determination of every action.") (emphasis added), and by the Civil Justice Reform Act of 1990, 28 U.S.C. §471 *et seq.*, such as, "setting early, firm trial dates, such that the trial is scheduled to occur to occur *within eighteen months* after the filing of the complaint. . . ." 28 U.S.C. §473(a)(2) (emphasis added). A *pro se* plaintiff's status does not discharge his obligation to "abide by the rules of the court in which he litigates." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

After considering the adequacy of lesser sanctions and weighing all five *Ferdik* factors to determine if dismissal is appropriate due to Plaintiff's failure to comply with the court orders, the Court concludes that dismissal of Plaintiff's Complaint *without prejudice* is appropriate and just under the circumstances of this case.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is hereby dismissed without prejudice. The Clerk is kindly directed to terminate this case.

DATED this 12th day of May, 2010.

G. Murray Snow
United States District Judge